# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

v.                                        CASE NO: 6:16-cv-01425-PGB-TBS

TACTIC SECURITY ENFORCEMENT, INC.,
a Florida corporation;
ADSAN PROPERTIES, LLC.,
a dissolved Florida limited liability company;
CARLOS RODRIGUEZ, a Florida citizen, and
SUSAN BIANCO, Personal Representative of the
Estate of DAVID TORRES, JR.,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF & DAMAGES

MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley") sues TACTIC SECURITY ENFORCEMENT, INC. ("Tactic"), ADSAN PROPERTIES, LLC ("Adsan"), CARLOS RODRIGUEZ ("Rodriguez"), and SUSAN BIANCO, Personal Representative of the Estate of DAVID TORRES, JR. ("Torres"), and alleges:

### NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201 regarding the lack of coverage for two separate nightclub shootings under a commercial general liability insurance policy that excludes coverage for operations involving bars, lounges, and/or nightclubs.

### JURISDICTION AND VENUE

2. Jurisdiction is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper because the events giving rise to the claims occurred in this District and the underlying lawsuits are venued here.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Mt. Hawley is an Illinois corporation with its principal place of business in Illinois. Mt. Hawley is a surplus lines insurance company under Fla. Stat. §§ 626.913-626.937 and issued a commercial general liability policy to Tactic for its restaurant operations.

6. Adsan is a dissolved Florida limited liability company with its principal place of business in Orange County, Florida. All of Adsan's members and managers are citizens of the state of Florida, domiciled in Orange or Seminole County, Florida. Adsan was the alleged owner of Que Rico Restaurant and Lounge ("Que Rico"), located in Orlando, Florida, which operates as a restaurant during normal business hours and as a bar, lounge, or nightclub in the late evening and early morning (the "Que Rico Nightclub").

7. Tactic is a Florida corporation with its principal place of business in Orange County, Florida. Tactic contracted with Adsan to provide security services at the Que Rico Nightclub.

8. Rodriguez is a Florida citizen. He filed a lawsuit against Tactic and Adsan for injuries he suffered from being shot at the Que Rico nightclub.

9. Susan Bianco is the Personal Representative of the Torres estate. Susan Bianco is a Florida citizen. Torres was a citizen of Florida, domiciled in Orange County, Florida at the time of his death. Torres filed a lawsuit against Tactic and Adsan for injuries he suffered from being shot at the Que Rico nightclub.

## COMMON ALLEGATIONS

10. ***THE RODRIGUEZ LAWSUIT***: Rodriguez filed suit against Tactic and Adsan in the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 48-2016-ca-001317-0 (the "Rodriguez Lawsuit"). A copy of the operative second amended complaint in the Rodriguez

Lawsuit is attached as Exhibit "A."

11. Rodriguez alleges that on August 5, 2015, he was a customer at the Que Rico Nightclub, which is located at 4849 South Orange Blossom Trail, Orlando, Florida 32839. (Ex. A, ¶ 7.)

12. While on the premises of the Que Rico Nightclub, Rodriquez alleges that other patrons got into a fight, which resulted in Adsan and Tactic removing patrons. While Rodriguez and his friends attempted to leave the parking lot of the Que Rico Nightclub, several armed security members approached their vehicle with their guns drawn. Rodriguez indicated to them that he and his friends were unarmed. As Rodriguez and his friends drove away, Rodriguez was allegedly struck with a bullet. (Ex. A, ¶¶ 14-17.)

13. Rodriguez further alleges that he was shot by a member of Defendants' security team and that Defendants did not render any assistance, aid, or protection.

14. Rodriguez asserts a claim against Adsan for negligent security and negligence in failing to maintain a safe premise and take reasonable steps to ensure Rodriguez's safety. (Ex. A, Count I, ¶¶ 23-30.)

15. Rodriguez also asserts a claim against Tactic for negligent security. (Ex. A., ¶¶ 40-46.)

16. **THE TORRES LAWSUIT**: Torres filed suit against Tactic and Adsan in the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 16-CA-6737-O (the "Torres Lawsuit"). A copy of the operative amended complaint in the Torres Lawsuit is attached as Exhibit "B."

17. Torres alleges that on November 8, 2015, David Torres, Jr. was an invitee at the Que Rico Nightclub, which is located at 4849 South Orange Blossom Trail, Orlando, Florida

15342206v1 0981910

32839. (Ex. B, ¶¶ 8, 14.)

18.   While on the premises of the Que Rico Nightclub, Torres alleges that David Torres, Jr. was shot multiple times in the parking lot, and subsequently died on the scene as a result of his injuries. (Ex. B, ¶¶ 14-15.)

19.   Torres asserts a claim against Adsan for negligent security and negligence in failing to maintain a safe premise and take reasonable steps to ensure Torres's safety. (Ex. B, Count I, ¶¶ 19-22.)

20.   Torres also asserts a claim against Tactic for negligent security and negligence in failing to maintain a safe premise and take reasonable steps to ensure Torres's safety. (Ex. B., ¶¶ 27-30.)

21.   ***THE ADSAN-TACTIC AGREEMENT:***   Adsan entered into a written agreement with Tactic to provide security services at the Que Rico Nightclub (the "Agreement"). *See* Exhibit "C."  Pursuant to the Agreement, Tactic was to provide armed security guards from the hours of 1-2 AM until 6 AM on the date(s) that the Que Rico Nightclub was in operation.

**Scope of Services and special instruction:**
5 AND POSSIBLE EXTENCIONS – Armed Security Officer
*It is understood that occasionally, additional hours may be required. Cost of additional hours will be identical to base hourly amount, as long as Client provides a written notice 72 hours prior to actual date of required service. Otherwise, charge for additional hours will be at one and one-half time the base hourly amount.

**Location of Services:**

Guard HR
2 S/O TUESDAYS / 1AM6AM                    3 S/O FRI,SAT,SUN  2AM
2 S/O THURSDAYS / 1AM6AM                   6AM
2 S/O FRIDAY,SATURDAY,SUNDAYS  1AM6AM

(Ex. C, P.1/2.)

22.   The Agreement does not require Tactic to name Adsan as an additional insured on any insurance policy. (Ex. C.)

23.   ***THE QUE RICO NIGHTCLUB:***  The location of the shootings operates as a bar,

nightclub, and/or lounge in the late evening and early-morning hours.

24. Que Rico holds itself out in public advertising as a "lounge":





25. Que Rico's Facebook page identifies itself as a "Bar and Restaurant:"

15342206v1 0981910



26. At the times Rodriguez and Torres were at the Que Rico Nightclub, it was operating as a bar, nightclub, and/or lounge.

27. **THE MT. HAWLEY POLICY**: Mt. Hawley issued a commercial general liability insurance policy to Tactic, bearing Policy No. PGA 0001765, with coverage incepting on 05/05/2015 and terminating on 05/15/2016 (the "Policy"). A copy of the Policy is attached as Exhibit "D."

28. The principal coverage form under the Policy is Form CG0001 04 13, titled "Commercial General Liability Coverage Form." In part, the Policy provides:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

(Ex D. (Form No. CG0001 04 13).)

29. The Policy also includes Endorsement Form No. SGL 312 (10/12), titled "Exclusion-Specific Work," which excludes coverage for "Any and all operations involving bars, taverns, lounges, gentlemen's clubs and nightclubs" as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION – SPECIFIC WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2. Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and Paragraph 2. Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY (Section I – Coverages):

**Specific Work**

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the specific work listed in the Schedule below, regardless of whether such specific work is conducted by you or on your behalf or whether the specific work is conducted for yourself or for others.

This exclusion also applies even if other causes contribute to or aggravate the "bodily injury," "property damage" or "personal and advertising injury."

SCHEDULE

**Description Of Specific Work:**
Any and all operations involving bars, taverns, lounges, gentlemen's clubs and nightclubs.
Any and all operations involving low income housing, government owned housing, HUD housing and Section 8 housing.
Any and all operations involving baggage screening, cargo screening and/or passenger/individual/student screening.
Any and all operations involving bodyguard work for high profile clients, celebrities, athletes & entertainers.

(Ex. D. (Form No. SGL 312 (10/12)).)

30. The Policy also includes Endorsement Form No. CGL 215 (09/06), titled "Additional Insured – Owners, Lessees & Contractors (Form B)." It provides, in relevant part:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS (FORM B)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

> A. **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily

(Ex. D. (Form No. CGL 215 (09/06)).)

31. Mt. Hawley is defending Tactic in both the Rodriguez and Torres Lawsuits, subject to a reservation of rights because the separate shootings occurred while the premises were being operated as a bar, tavern, nightclub or lounge. Mt. Hawley denied Adsan's tender for a defense and indemnification for both the Rodriguez and Torres Lawsuits because Adsan is not an insured under the Policy.

### COUNT I – NO COVERAGE UNDER THE POLICY'S BAR, LOUNGE, AND NIGHTCLUB EXCLUSION

32. Mt. Hawley incorporates paragraphs 1 through 31.

33. Adsan contracted with Tactic to provide security services at Que Rico while operating as a bar, lounge, and/or nightclub.

34. The Mt. Hawley policy "does not apply to 'bodily injury' … arising out of … [*a*]*ny and all operations involving bars, taverns, lounges, … and nightclubs*." (Ex. D. (Form No. SGL 312 (10/12)) (emphasis added).

35. Accordingly, there is no coverage for Tactic or Adsan for either the Rodriguez lawsuit or the Torres lawsuit.

### COUNT II– ADSAN IS NOT AN INSURED UNDER THE POLICY

36. Mt. Hawley incorporates paragraphs 1 through 31.

37. The Policy's "Additional Insured - Owners, Lessees or Contractors" Endorsement provides that "**Section II – Who Is An Insured**" is amended to include as an additional insured any person or organization for whom you are performing operations *when you and such person*

*or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.*" (Ex. D. (Form No. CGL 215 (09/06)) (Emphasis added).

38. The Agreement between Tactic and Adsan does not require Tactic to name Adsan as an additional insured under any insurance policy. (Ex. C.)

39. Accordingly, Adsan does not qualify as an additional insured under the Policy.

## REQUESTED RELIEF

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Policy;

b. Find that Mt. Hawley has no obligation to defend or indemnify Tactic and/or Adsan in the Rodriguez Lawsuit or the Torres Lawsuit;

c. Find that Adsan does not qualify as an additional insured under the Policy;

d. Award against Tactic and in favor of Mt. Hawley, all attorney's fees and costs expended in defending the Torres Lawsuit; and

e. Award Mt. Hawley all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/JOHN J. CAVO
SINA BAHADORAN
Florida Bar No. 523364
sbahadoran@hinshalaw.com
JOHN J. CAVO
Florida Bar No. 0462764
jcavo@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Miami, Florida 33134
Tel: 305-358-7747
Fax: 305-577-1063

## **CERTIFICATE OF SERVICE**

  **I CERTIFY** that on February 10, 2017, this document was filed via the CM/ECF system.

I further certify that I am unaware of any non-CM/ECF participants.

s/JOHN J. CAVO
**JOHN J. CAVO**
