# EXHIBIT "A"

Filing # 39528957 E-Filed 03/28/2016 03:24:33 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA
CASE NO: 48-2016-CA-001317-O

CARLOS RODRIGUEZ,

    Plaintiff,

vs.

ADSAN PROPERTIES, LLC, EMPIRE
FINANCIAL CAPITAL, LLC, AND
TACTIC SECURITY ENFORCEMENT, INC,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, CARLOS RODRIGUEZ, and sues Defendants, ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, and alleges:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a natural person residing in Osceola County, Florida.

3. At all times material to this action, Defendant, ADSAN PROPERTIES, LLC, is a Florida corporation licensed to do business in the State of Florida.

4. At all times material to this action, Defendant, EMPIRE FINANCIAL CAPITAL, LLC, is a Florida corporation licensed to do business in the State of Florida.

5. At all times material to this action, Defendant, TACTIC SECURITY ENFORCEMENT, INC, is a Florida corporation licensed to do business in the State of Florida.

6. At all times material hereto, Defendant, ADSAN PROPERTIES, LLC, was the owner and in possession of that certain business located at 4849 South Orange Blossom Tail Orlando, FL 32839, said business being that of a Restaurant, open to the general public, including the Plaintiff herein.

7. At all times material hereto, Defendant, EMPIRE FINANCIAL CAPITAL, LLC, was in possession and control of that certain business located at 4849 South Orange Blossom Tail Orlando, FL 32839, said business being that of a Restaurant, open to the general public, including the Plaintiff herein.

8. At all times material hereto, Defendant, TACTIC SECURITY ENFORCEMENT, INC, was in possession and control of that certain business located at 4849 South Orange Blossom Tail Orlando, FL 32839, said business being that of a Restaurant, open to the general public, including the Plaintiff herein.

9. On or about August 5, 2015, Plaintiff visited Defendants' premises located at the above address to socialize with his friends.

10. At all times material to this cause of action, Defendants, ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, were on notice of a dangerous condition because Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, business is located in an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced.

11. The assault that the Plaintiff suffered at the aforementioned location on August 5, 2015, was foreseeable to Defendants.

12. On or about August 5, 2015, Plaintiff was a customer lawfully on the premises of Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC.

13. Defendants, ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, owed a duty to the Plaintiff to provide a secure place for the Plaintiff to enjoy the services offered by Defendants, and to take reasonable security measures to protect Plaintiff from the risk of harm likely to result from foreseeable criminal activity at Defendants' property.

14. At the same time and place another patron and/or patrons, were causing trouble at Defendant's premises. Specifically, they were fighting. Defendant's started to force all customers and guests to leave the premises.

15. At the same time and place, Plaintiff and his friends exited Defendants' premises and headed to their car. Plaintiff could not leave the parking lot because of the traffic that had piled up due to the comotion.

16. As Plaintiff was getting into the vehicle, several of Defendants' security members approached Plaintiff and pointed their guns at Plaintiff, and his friends. Plaintiff immediately showed them that he and his friends were unarmed, and advised that they were just trying to leave. The security members continued to point their guns and argue with Plaintiff.

17. Once Plaintiff saw an opportunity for them to drive out of the parking lot, they all closed the car doors and drove off; immediately after pulling away, they heard a gunshot, and Plaintiff advised his friends that he had been shot in the back.

3

18. At no time did any of Defendants' employees offer assistance, aid or protection to the Plaintiff from the danger of their own employees, and as a result Plaintiff, CARLOS RODRIGUEZ, was shot by a member of Defendants' security team.

19. At the time material to this cause of action, Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, were on notice of a dangerous condition because of prior incidences of violence within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced wherein the Plaintiff was injured.

20. At all times material to this cause of action, Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, owed a duty of reasonable care to the public and Plaintiff in maintaining, operating and/or managing its business.

21. At all times material to this cause of action, the Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, exercised dominion and control over the functioning of said business and its common areas and did employ agents, employees, staff, administrators, representatives, servants, and/or other personnel and said Defendant exercised jurisdiction and control over the procedures which said agents, employees, staff, administrators, representatives, servants and/or other personnel had the privilege, duty, and obligation to perform and said Defendant determined the qualifications or lack of qualifications of the said agents, employees, staff, administrators, representatives, servants and/or other personnel as the same related to those procedures and

duties which were devised by said Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC.

22. Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, had a non-delegable duty to take reasonable steps to ensure a safe and secure environment at their restaurant, for the benefit of patrons such as the Plaintiff because Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, were within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced at Defendant's establishment.

## COUNT I
## AGAINST DEFENDANT, ADSAN PROPERTIES, LLC

Plaintiff, CARLOS RODRIGUEZ, re-alleges the allegations of paragraphs one (1) through twenty-two (22) above.

23. At all times material hereto, Plaintiff, CARLOS RODRIGUEZ, was lawfully on the premises of the Defendant's restaurant as customer.

24. Defendant's, ADSAN PROPERTIES, LLC, had a duty to protect Plaintiff as a patron on their premises from any reasonably foreseeable intentional attacks.

25. The attack on Plaintiff, Carlos Rodriguez, by a member of Defendants' security team on Defendant's property, and damages and losses resulting there from as further set forth, were directly and proximately caused by negligence on the part of Defendant's and its representatives:

      a.    In failing to provide the Plaintiff with a safe, secure, and adequately protected place to enjoy the restaurant that was open to the public;

  b. In failing to provide reasonable, prudent and adequate security measures for guests of the restaurant;

  c. In failing to have adequate and qualified trained security personnel and/or security personnel;

  d. In failing to warn patrons, including the Plaintiff, of the lack of security measures and procedures, creating an atmosphere amenable for physical assaults and attacks by employees or third parties to prey on patrons of the restaurant;

  e. In failing to warn patrons, including the Plaintiff of the existing dangers to their safety to which Defendant knew or by the exercise of reasonable care, should have known;

  f. In failing to have a sufficient number of security personnel or a security presence in visible areas to deter crime, thereby protecting the patrons, including the Plaintiff;

  g. In failing to reasonably and effectively utilize available security devices; and technology to protect its patrons, including Plaintiff;

  h. In failing to deter criminal attacks such as occurred to Plaintiff;

  i. In failing to properly train its staff, bouncers and security personnel so that they could protect the guests and invitees, including the Plaintiff;

  j. In failing to obtain, review and utilize available criminal histories, trends, and grid reports to determine crime trends and the need for security plans and measures; and/or

  k. In failing to implement adequate security policies, security measures, and security procedures necessary to protect guests and invitees, including the Plaintiff.

  26. The unreasonably dangerous condition created by the inadequate, careless, and negligent security on the premises and common areas of the restaurant was known to Defendant, and its agents and/or employees, or had existed for a sufficient length of time so that Defendant knew or by the exercise of reasonable care, should have known, based upon:

From:Calandrino Law Firm          407 601 4910                04/25/2016 13:49      #208 P.015/035

  a. Prior notice of a similar act or acts within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced on the premises;

  b. Prior notice of a similar act and/or acts directly outside of the restaurant in the common area;

  c. The premises being located within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced; and

  d. Notice that the premises had inadequate security and a problem with violence.

27. The Plaintiff's injuries, as a result of the violent act were reasonably foreseeable in light of the Defendant's actual knowledge of the violent crimes which had taken place within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced upon Defendant's premises.

28. Defendant knew or in the exercise of reasonable care, should have known that said premises were within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced and that there had been previous similar violent criminal acts and attacks perpetrated on the public and/or that such criminal attacks were reasonably likely to be perpetrated on patrons unless Defendant took reasonable steps to provide proper and reasonable security for such patrons.

29. As a direct and proximate result of Defendant's, negligence as described above, Plaintiff was shot in the back, which resulted in his permanent injury.

30. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff, CARLOS RODRIGUEZ, has suffered bodily injury in and abut his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent scarring, mental anguish, loss of

the capacity for the enjoyment of life, expenses of medical and nursing care and treatment, expense of hospitalization, medical expenses, loss of earning, loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CARLOS RODRIGUEZ, sues the Defendant, ADSAN PROPERTIES, LLC, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

<u>**COUNT II**</u>
<u>**AGAINST DEFENDANT, EMPIRE FINANCIAL CAPITAL, LLC**</u>

Plaintiff, CARLOS RODRIGUEZ, re-alleges the allegations of paragraphs one (1) through twenty-two (22) above.

31. At all times material hereto, Plaintiff, CARLOS RODRIGUEZ, was lawfully on the premises of the Defendant's restaurant as customer.

32. Defendant's, EMPIRE FINANCIAL CAPITAL, LLC, had a duty to protect Plaintiff as a patron on their premises from any reasonably foreseeable intentional attacks.

33. The attack on Plaintiff, Carlos Rodriguez, by a member of Defendants' security team on Defendant's property, and damages and losses resulting there from as further set forth, were directly and proximately caused by negligence on the part of Defendant's and its representatives:

    l.    In failing to provide the Plaintiff with a safe, secure, and adequately protected place to enjoy the restaurant that was open to the public;

    m.    In failing to provide reasonable, prudent and adequate security measures for guests of the restaurant;

    n.    In failing to have adequate and qualified trained security personnel and/or security personnel;

o. In failing to warn patrons, including the Plaintiff, of the lack of security measures and procedures, creating an atmosphere amenable for physical assaults and attacks by employees or third parties to prey on patrons of the restaurant;

p. In failing to warn patrons, including the Plaintiff of the existing dangers to their safety to which Defendant knew or by the exercise of reasonable care, should have known;

q. In failing to have a sufficient number of security personnel or a security presence in visible areas to deter crime, thereby protecting the patrons, including the Plaintiff;

r. In failing to reasonably and effectively utilize available security devices; and technology to protect its patrons, including Plaintiff;

s. In failing to deter criminal attacks such as occurred to Plaintiff;

t. In failing to properly train its staff, bouncers and security personnel so that they could protect the guests and invitees, including the Plaintiff;

u. In failing to obtain, review and utilize available criminal histories, trends, and grid reports to determine crime trends and the need for security plans and measures; and/or

v. In failing to implement adequate security policies, security measures, and security procedures necessary to protect guests and invitees, including the Plaintiff.

34. The unreasonably dangerous condition created by the inadequate, careless, and negligent security on the premises and common areas of the restaurant was known to Defendant, and its agents and/or employees, or had existed for a sufficient length of time so that Defendant knew or by the exercise of reasonable care, should have known, based upon:

e. Prior notice of a similar act or acts within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced on the premises;

f. Prior notice of a similar act and/or acts directly outside of the restaurant in the common area;

  g. The premises being located within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced; and

  h. Notice that the premises had inadequate security and a problem with violence.

35. The Plaintiff's injuries, as a result of the violent act were reasonably foreseeable in light of the Defendant's actual knowledge of the violent crimes which had taken place within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced upon Defendant's premises.

36. Defendant knew or in the exercise of reasonable care, should have known that said premises were within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced and that there had been previous similar violent criminal acts and attacks perpetrated on the public and/or that such criminal attacks were reasonably likely to be perpetrated on patrons unless Defendant took reasonable steps to provide proper and reasonable security for such patrons.

37. As a direct and proximate result of Defendant's, negligence as described above, Plaintiff was shot in the back, which resulted in his permanent injury.

38. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff, CARLOS RODRIGUEZ, has suffered bodily injury in and abut his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent scarring, mental anguish, loss of the capacity for the enjoyment of life, expenses of medical and nursing care and treatment, expense of hospitalization, medical expenses, loss of earning, loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CARLOS RODRIGUEZ, sues the Defendant, EMPIRE FINANCIAL CAPITAL, LLC, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT III
### AGAINST DEFENDANT, TACTIC SECURITY ENFORCEMENT, INC.

Plaintiff, CARLOS RODRIGUEZ, re-alleges the allegations of paragraphs one (1) through twenty-two (22) above.

39.   At all times material hereto, Plaintiff, CARLOS RODRIGUEZ, was lawfully on the premises of the Defendant's restaurant as customer.

40.   Defendant's, TACTIC SECURITY ENFORCEMENT, INC., had a duty to protect Plaintiff as a patron on their premises from any reasonably foreseeable intentional attacks.

41.   The attack on Plaintiff, Carlos Rodriguez, by a member of Defendants' security team on Defendant's property, and damages and losses resulting there from as further set forth, were directly and proximately caused by negligence on the part of Defendant's and its representatives:

   w.   In failing to provide the Plaintiff with a safe, secure, and adequately protected place to enjoy the restaurant that was open to the public;

   x.   In failing to provide reasonable, prudent and adequate security measures for guests of the restaurant;

   y.   In failing to have adequate and qualified trained security personnel and/or security personnel;

   z.   In failing to warn patrons, including the Plaintiff, of the lack of security measures and procedures, creating an atmosphere amenable for physical assaults and attacks by employees or third parties to prey on patrons of the restaurant;

aa. In failing to warn patrons, including the Plaintiff of the existing dangers to their safety to which Defendant knew or by the exercise of reasonable care, should have known;

bb. In failing to have a sufficient number of security personnel or a security presence in visible areas to deter crime, thereby protecting the patrons, including the Plaintiff;

cc. In failing to reasonably and effectively utilize available security devices; and technology to protect its patrons, including Plaintiff;

dd. In failing to deter criminal attacks such as occurred to Plaintiff;

ee. In failing to properly train its staff, bouncers and security personnel so that they could protect the guests and invitees, including the Plaintiff;

ff. In failing to obtain, review and utilize available criminal histories, trends, and grid reports to determine crime trends and the need for security plans and measures; and/or

gg. In failing to implement adequate security policies, security measures, and security procedures necessary to protect guests and invitees, including the Plaintiff.

42. The unreasonably dangerous condition created by the inadequate, careless, and negligent security on the premises and common areas of the restaurant was known to Defendant, and its agents and/or employees, or had existed for a sufficient length of time so that Defendant knew or by the exercise of reasonable care, should have known, based upon:

i. Prior notice of a similar act or acts within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced on the premises;

j. Prior notice of a similar act and/or acts directly outside of the restaurant in the common area;

k. The premises being located within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced; and

12

l. Notice that the premises had inadequate security and a problem with violence.

43. The Plaintiff's injuries, as a result of the violent act were reasonably foreseeable in light of the Defendant's actual knowledge of the violent crimes which had taken place within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced upon Defendant's premises.

44. Defendant knew or in the exercise of reasonable care, should have known that said premises were within an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced and that there had been previous similar violent criminal acts and attacks perpetrated on the public and/or that such criminal attacks were reasonably likely to be perpetrated on patrons unless Defendant took reasonable steps to provide proper and reasonable security for such patrons.

45. As a direct and proximate result of Defendant's, negligence as described above, Plaintiff was shot in the back, which resulted in his permanent injury.

46. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff, CARLOS RODRIGUEZ, has suffered bodily injury in and abut his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent scarring, mental anguish, loss of the capacity for the enjoyment of life, expenses of medical and nursing care and treatment, expense of hospitalization, medical expenses, loss of earning, loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CARLOS RODRIGUEZ, sues the Defendant, TACTIC SECURITY ENFORCEMENT, INC., for damages and demands judgment in excess of Fifteen

Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2016, I electronically filed and served the foregoing with the Clerk of the Courts by using the Florida Courts E-Filing Portal, which will send a Notice of Electronic Filing to the following: Philip K. Calandrino, Esquire, Thomas S. Dolney, Esquire, Phillip K. Moeller, Esquire, Small Business Counsel, 214 South Park Avenue, Second Floor, Winter Park, FL 32789, litigation@floridabusinesslaw.com.

/s/*Lina M. Lopez*
LINA M. LOPEZ, ESQUIRE
FBN: 610542
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone Phone: (407) 420-3979
Facsimile: (407) 245-3408
Primary email: LLopez@forthepeople.com
Secondary email: CPadilla@forthepeople.com
Additional email: RStevenson@forthepeople.com
Attorneys for Plaintiff