# EXHIBIT "B"

Case 6:16-cv-01425-PGB-TBS   Document 54-2   Filed 02/10/17   Page 1 of 11 PageID 576

Filing # 45994445 E-Filed 09/01/2016 04:40:16 PM

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE<br>NINTH JUDICIAL CIRCUIT IN<br>AND FOR ORANGE COUNTY, FL |
| SUSAN BIANCO, as personal representative<br>of the Estate of David Torres, Jr., | CASE NO.: 16-CA-6737-O |
| Plaintiff,<br>v.<br>ADSAN PROPERTIES, LLC, EMPIRE<br>FINANCIAL CAPITAL, LLC and<br>TACTIC SECURITY ENFORCEMENT, LLC<br>Defendant | |

[handwritten notations: "9/28/16 @ 9:30pm" (crossed out), "08-H0234", "10.14.16 @ 8:30pm"]

## SUMMONS ON AMENDED COMPLAINT

THE STATE OF FLORIDA

To each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, in this action on Defendant:

> Tactic Security Enforcement, Inc.
> c/o Raquel Rivera
> 2315 Windsong Dr.
> Kissimmee, FL 34741

Each Defendant is hereby required to serve written defenses to the Complaint on Jerrod Paul, Esq; The Law Offices of Jerrod Paul, P.A.; 407-588-0343; within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's counsel or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this _____ day of __SEPTEMBER 6__, 20_16_.



Tiffany Moore Russell

s/ Rosa Aviles, Deputy Clerk
2016.09.06 13:11:47 -04'00'

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de us respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney. (Demandante o Abogado del Demandante).

## IMPORTANT

Des pursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pur deposer une reponse escrite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pur vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucon preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez rquerir les services immeidats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telphoner a un service de reference d'avocats ou a un bureau d'assitance juridique (figurant a l'annuaire de telephones).

Si vous choisisez de deposer vous-meme une responce ecrite, il vous audra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-essous.

/s/ Jerrod Paul
Jerrod M. Paul, Esq.
FBN: 92953
The Law Offices of Jerrod Paul, P.A.
37 N Orange Ave., Suite 500
Orlando, FL 32801
Telephone: (407) 588-0343
Facsimile: (855) 862-6872

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN
AND FOR ORANGE COUNTY, FL

SUSAN BIANCO, as personal representative          CASE NO.: 16-CA-6737-O
of the Estate of David Torres, Jr.,

        Plaintiff,

v.

ADSAN PROPERTIES, LLC, EMPIRE
FINANCIAL CAPITAL, LLC and
TACTIC SECURITY ENFORCEMENT, LLC

        Defendant
_____/

## AMENDED COMPLAINT

COMES NOW, The Plaintiff, SUSAN BIANCO, as Personal Representative of the Estate of David Torres, Jr., and sues the Defendants, ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC and TACTIC SECURITY ENFORCEMENT, LLC and states as follows:

### INTRODUCTORY ALLEGATIONS AND JURISDICTION

1. This is an action for damages which exceed the amount of FIFTEEN THOUSAND DOLLARS ($15,000.00) brought pursuant to the Florida Wrongful Death Act, Florida Statute Sections 768.16-.26.

2. Plaintiff, SUSAN BIANCO, is the Personal Representative of the Estate of DAVID TORRES, JR.

3. The following are survivors and beneficiaries of a recovery for the wrongful death of DAVID TORRES, Jr.: a) The Estate of David Torres, Jr. b) McKaila Giammanco, 22 c) Lizbeth Lee Torres, 18 d) Julian David Torres, 16 e) Ciara Lee Torres, 9 d) Daniel Torres, 9 e) Octavian David Torres, 6 f) Sasha Lee Torres, 2.

4. At all times material hereto, Plaintiff, SUSAN BIANCO, as Personal Representative of the Estate of David Torres, Jr., was a resident of Orange County, Florida.

5. At all times material hereto Defendant, ADSAN PROPERTIES, LLC, was a Florida corporation authorized and doing business in the State of Florida, and pursuant to the laws of the State of Florida.

6. At all times material hereto Defendant, EMPRE FINANCIAL CAPITAL, LLC was a Florida corporation authorized and doing business in the State of Florida, and pursuant to the laws of the State of Florida.

7. At all times material hereto Defendant, TACTIC SECURITY ENFORCEMENT, INC., was a Florida corporation authorized and doing business in the State of Florida, and pursuant to the laws of the State of Florida.

8. At all times material hereto, Defendant, ADSAN PROPERTIES, LLC, was in possession and control of that certain business located at 4849 South Orange Blossom Tail Orlando, FL 32839, said business being that of a Restaurant, open to the general public, including the Plaintiff herein.

9. At all times material hereto, Defendant, EMPIRE FINANCIAL CAPITAL, LLC, was in possession and control of that certain business located at 4849 South Orange Blossom Tail Orlando, FL 32839, said business being that of a Restaurant, open to the general public, including the Plaintiff herein.

10. At all times material hereto, Defendant, TACTIC SECURITY ENFORCEMENT, INC., owned, operated, managed and maintained a business located at the property address of 4849 Orange Blossom Trail, Orlando, FL 32839.

11. At all times material hereto, Defendants were acting by and through their employees, servants and/or agents, who were acting within the course and scope of their employment or agency.

12. At all times material hereto, Defendants had joint control and ownership of the common elements of the subject property, including, but not limited to all parking lots.

13. At all times material to this cause of action, Defendants, ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, were on notice of a dangerous condition because Defendants', ADSAN PROPERTIES, LLC, EMPIRE FINANCIAL CAPITAL, LLC, AND TACTIC SECURITY ENFORCEMENT, INC, business is located in an area where the police have been called on numerous occasions for numerous crimes similar to that which Plaintiff experienced.

14. On or about November 8, 2015 David Torres, Jr. was an invitee on Defendants' property.

15. On or about November 8, 2015, while David Torres, Jr. was on the subject property, he was shot multiple times in the parking lot; jointly owned and controlled by Defendants.

16. That David Torres, Jr. died on scene from the subject gunshot wounds.

17. That the attack upon Plaintiff was reasonably foreseeable.

18. That the attack upon Plaintiff was preventable.

## COUNT I NEGLIGENCE AGAINST ADSAN PROPERTIES, LLC

Plaintiff, SUSAN BIANCO, as Personal Representative of the Estate of David Torres, Jr., reaffirms and realleges the allegations contained in paragraphs 1 through 18 of the Complaint.

19. That the Defendant, ADSAN PROPERTIES, LLC, had a duty to exercise reasonable care to protect invitees on the subject property, and more specifically, David Torres, Jr. and to otherwise reasonably provide for his safety while on the subject property.

20. That the Defendant, ADSAN PROPERTIES, LLC, breached its aforementioned duty, and was negligent in one, all, or more of the following manners:

a. Failing to provide adequate security for the premises;

b. Failing to provide adequately trained security guards and/or other employees to patrol, guard, observe and/or otherwise secure the premises;

c. Failing to provide adequately equipped security guards and/or other employees to patrol, guard, observe and/or otherwise secure the premises;

d. Failing to warn invitees utilizing the premises, including the Plaintiff, of the foreseeable risk of injury from the criminal acts of third persons;

e. Failing to provide adequate lighting for the premises;

f. Failing to provide adequate camera surveillance for the premises;

g. Failing to conduct an investigation in order to determine the proper type, and amount, of security required for the premises;

h. In failing to warn patrons, including the Plaintiff of the existing dangers to their safety to which Defendant knew or by the exercise of reasonable care, should have known;

i. In failing to obtain, review and utilize available criminal histories, trends, and grid reports to determine crime trends and the need for security plans and measures; and/or

j. Failing to implement written security policies and procedures.

k. Illegally operating an after-hours business.

l. Failing to otherwise comply with reasonable and safe measures to ensure the safety of the residents and/or invitees utilizing the premises, including David Torres, Jr.

21. As a direct and proximate result of the foregoing, David Torres, Jr., was shot and killed.

22. That the Estate of David Torres, Jr. and survivors of David Torres, Jr. have suffered damages, including, but not limited to mental pain and suffering, loss of support and services, funeral and burial expenses, loss of future earnings and net accumulations, including future pensions and retirement benefits.

WHEREFORE, Plaintiff, SUSAN BIANCO, as Personal Representative of The Estate of David Torres, Jr., demands judgment for damages against Defendant, ADSAN PROPERTIES, LLC, along with such other relief as this Court may deem just and proper.

## COUNT II NEGLIGENCE AGAINST EMPIRE FINANCIAL CAPITAL, LLC

Plaintiff, SUSAN BIANCO, as Personal Representative of the Estate of David Torres, Jr., reaffirms and realleges the allegations contained in paragraphs 1 through 18 of the Complaint.

23. That the Defendant, EMPIRE FINANCIAL CAPITAL, LLC, had a duty to exercise reasonable care to protect invitees on the subject property, and more specifically, David Torres, Jr. and to otherwise reasonably provide for his safety while on the subject property.

24. That the Defendant, EMPIRE FINANCIAL CAPITAL, LLC, breached its aforementioned duty, and was negligent in one, all, or more of the following manners:

a. Failing to provide adequate security for the premises;

b. Failing to provide adequately trained security guards and/or other employees to patrol, guard, observe and/or otherwise secure the premises;

c. Failing to provide adequately equipped security guards and/or other employees to patrol, guard, observe and/or otherwise secure the premises;

d. Failing to warn invitees utilizing the premises, including the Plaintiff, of the foreseeable risk of injury from the criminal acts of third persons;

e. Failing to provide adequate lighting for the premises;

f. Failing to provide adequate camera surveillance for the premises.

g. Failing to conduct an investigation in order to determine the proper type, and amount, of security required for the premises;

h. In failing to warn patrons, including the Plaintiff of the existing dangers to their safety to which Defendant knew or by the exercise of reasonable care, should have known;

i. In failing to obtain, review and utilize available criminal histories, trends, and grid reports to determine crime trends and the need for security plans and measures; and/or

j. Failing to implement written security policies and procedures.

k. Illegally operating an after-hours business.

l. Failing to otherwise comply with reasonable and safe measures to ensure the safety of the residents and/or invitees utilizing the premises, including David Torres, Jr.

25. As a direct and proximate result of the foregoing, David Torres, Jr., was shot and killed.

26. That the Estate of David Torres, Jr. and survivors of David Torres, Jr. have suffered damages, including, but not limited to mental pain and suffering, loss of support and services, funeral and burial expenses, loss of future earnings and net accumulations, including future pensions and retirement benefits.

WHEREFORE, Plaintiff, SUSAN BIANCO, as Personal Representative of The Estate of David Torres, Jr., demands judgment for damages against Defendant, EMPIRE FINANCIAL CAPITAL, LLC, along with such other relief as this Court may deem just and proper.

## COUNT III NEGLIGENCE AGAINST TACTIC SECURITY ENFORCEMENT, INC.

Plaintiff, SUSAN BIANCO, as Personal Representative of the Estate of David Torres, Jr., reaffirms and realleges the allegations contained in paragraphs 1 through 18 of the Complaint.

27. That the Defendant, TACTIC SECURITY ENFORCEMENT, INC., had a duty to exercise reasonable care to protect invitees on the subject property, and more specifically, David Torres, Jr. and to otherwise reasonably provide for his safety while on the subject property.

28. That the Defendant, TACTIC SECURITY ENFORCEMENT, INC., breached its aforementioned duty, and was negligent in one, all, or more of the following manners:

a. Failing to provide adequate security for the premises;

b. Failing to provide adequately trained security guards and/or other employees to patrol, guard, observe and/or otherwise secure the premises;

c. Failing to provide adequately equipped security guards and/or other employees to patrol, guard, observe and/or otherwise secure the premises;

d. Failing to warn invitees utilizing the premises, including the Plaintiff, of the foreseeable risk of injury from the criminal acts of third persons;

e. Failing to provide adequate lighting for the premises;

f. Failing to provide adequate camera surveillance for the premises.

g. Failing to conduct an investigation in order to determine the proper type, and amount, of security required for the premises;

h. In failing to warn patrons, including the Plaintiff of the existing dangers to their safety to which Defendant knew or by the exercise of reasonable care, should have known;

i. In failing to obtain, review and utilize available criminal histories, trends, and grid reports to determine crime trends and the need for security plans and measures; and/or

j. Failing to implement written security policies and procedures.

k. Illegally operating an after-hours business.

l. Failing to otherwise comply with reasonable and safe measures to ensure the safety of the residents and/or invitees utilizing the premises, including David Torres, Jr.

29. As a direct and proximate result of the foregoing, David Torres, Jr., was shot and killed.

30. That the Estate of David Torres, Jr. and survivors of David Torres, Jr. have suffered damages, including, but not limited to mental pain and suffering, loss of support and services, funeral and burial expenses, loss of future earnings and net accumulations, including future pensions and retirement benefits.

WHEREFORE, Plaintiff, SUSAN BIANCO, as Personal Representative of The Estate of David Torres, Jr., demands judgment for damages against Defendant, TACTIC SECURITY ENFORCEMENT, INC., along with such other relief as this Court may deem just and proper.

**Plaintiff demands a jury trial on all issues so triable.**

Respectfully submitted,

/s/ Jerrod Paul
Jerrod M. Paul, Esq.
FBN: 92953
The Law Offices of Jerrod Paul, P.A.

10/28/2016 15:19 FAX ⌀011

37 N Orange Ave., Suite 500
Orlando, FL 32801
Telephone: (407) 588-0343
Facsimile: (855) 862-6872