UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.                                      Case No: 6:16-cv-1425-Orl-40TBS

TACTIC SECURITY ENFORCEMENT, INC., ADSAN PROPERTIES, LLC, CARLOS RODRIGUEZ, and SUSAN BIANCO, as Personal Representative for the Estate of David Torres, Jr.,

    Defendants.

## ORDER

This cause comes before the Court on Defendant Tactic Security Enforcement, Inc.'s Motion to Dismiss Second Amended Complaint for Declaratory Relief (Doc. 59), filed February 24, 2017. On March 10, 2017, Plaintiff responded in opposition. (Doc. 63). Upon consideration, Defendant's Motion to Dismiss will be denied.

**I.    BACKGROUND**

Plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley"), brings this action pursuant to the Declaratory Judgment Act to resolve an insurance coverage dispute it has with Defendants, Tactic Security Enforcement, Inc. ("Tactic"), Adsan Properties, LLC (Adsan"), Carlos Rodriguez, and Susan Bianco. Pertinent to this Order, Mt. Hawley has undertaken to defend Tactic, subject to a reservation of rights, in two state court lawsuits arising out of two separate shooting incidents involving Carlos Rodriguez and David Torres, Jr. In those state court actions, Mr. Rodriguez and Mr. Torres' estate claim that Tactic provided negligent security at a property owned by Adsan and that Tactic's

1

negligence resulted in Mr. Rodriguez's injury and Mr. Torres' death.  Mt. Hawley claims in this lawsuit that its insurance policy with Tactic provides no coverage for the incidents at issue in the state court actions, and Mt. Hawley seeks to recover the attorney's fees and costs it has expended in defending Tactic.  Tactic now moves to dismiss Mt. Hawley's Second Amended Complaint.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

First, Tactic moves to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Challenges to subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  Facial attacks only require the court to determine if the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529.  As such, the allegations within the complaint are assumed true for the purpose of the motion. *Id.*  On the other hand, factual attacks challenge the existence of subject matter jurisdiction irrespective of what the complaint alleges. *Garcia v. Copenhaver, Bell & Assocs., M.D's, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997).  Accordingly, courts may consider information outside of the pleadings—including testimony, affidavits, and other evidence—and may make factual findings to resolve the motion. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  Subject matter jurisdiction must exist at the time the action is commenced, and the party who invokes a federal court's subject matter jurisdiction bears

the burden of establishing the propriety of exercising that jurisdiction. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[1]

Here, Tactic moves to dismiss the Second Amended Complaint on the ground that Mt. Hawley fails to adequately allege complete diversity among the parties so as to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Specifically, Tactic contends that Mt. Hawley's allegations regarding co-Defendant, Adsan Properties, LLC, are insufficient to demonstrate that each of Adsan's members were citizens of a state different from Illinois (where Mt. Hawley is a citizen) at the time this action was commenced. Tactic therefore launches a facial attack.

In the Second Amended Complaint, Mt. Hawley alleges that "Adsan is a dissolved Florida limited liability company" and that "[a]ll of Adsan's members and managers are citizens of the state of Florida, domiciled in Orange or Seminole County, Florida." (2d Am. Compl. ¶ 6). Accepting this allegation as true as the Court must, Tactic has sufficiently alleged Adsan's citizenship so as to invoke the Court's subject matter jurisdiction under the diversity statute. Mt. Hawley's motion to dismiss for lack of subject matter jurisdiction will be denied.

### B. Stating a Claim for Relief

Next, Tactic moves to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for relief under the Declaratory Judgment Act. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

(2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

The Declaratory Judgment Act grants to the federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. An essential element for every declaratory judgment action is the existence of an "actual controversy" between the parties. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937). An actual controversy exists when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic. *See Texas v. United States*, 523 U.S. 296, 300 (1998); *Aetna Life Ins. Co.*, 300 U.S. at 240–41. On the other hand, a court should permit a claim for declaratory judgment to proceed where declaratory relief would (1) "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Volvo Constr. Equip. N. Am., Inc. v. CLM*

*Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004); *accord Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).

Tactic moves to dismiss the Second Amended Complaint on the grounds that Mt. Hawley's Declaratory Judgment Act claims present no justiciable controversy and are not yet ripe for adjudication. Tactic takes the position that the facts alleged in the Second Amended Complaint and in the underlying state court complaints fail to demonstrate that the incidents at issue fall outside the insurance policy's coverage. Tactic also asserts that this matter is not yet ripe because there has been no determination of liability in either state court action.

The Court finds both of Tactic's arguments unavailing. The facts alleged in the Second Amended Complaint clearly articulate a ripe and justiciable controversy between Mt. Hawley and Tactic. Mt. Hawley alleges that it issued an insurance policy to Tactic that specifically excluded coverage for incidents involving "'bodily injury' . . . arising out of . . . any and all operations involving bars, taverns, lounges, . . . and nightclubs." (2d Am. Compl. ¶ 34) (alterations omitted). Since the parties dispute whether the incidents at issue occurred at a "nightclub," a justiciable controversy exists over whether Mt. Hawley owes a duty to defend under its insurance policy with Tactic.

Further, the fact that liability has not yet been determined in either state court action is of no consequence. Mt. Hawley has undertaken to defend Tactic notwithstanding its assertion that no defense is due under the insurance policy, and Mt. Hawley is incurring attorney's fees and costs as a result of that undertaking. "[I]n the context of an insurance-coverage dispute, when the facts and circumstances indicate that a claim is *likely* to be brought, the claim has sufficiently ripened to warrant declaratory judgment." *Nat'l Gen. Ins. Online, Inc. v. Black*, No. 5:15-cv-111-Oc-30PRL, 2015 WL 5009703, at *3 (M.D. Fla.

Aug. 24, 2015). Not only have claims been brought against Mt. Hawley which purportedly fall within the scope of the subject insurance policy, Mt. Hawley disputes that it has a duty to defend Tactic under that policy. A declaratory judgment would serve a useful purpose in settling the parties' legal obligations and would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings. *See Mid-Continental Cas. Co. v. Devonshire Props., Inc.*, No. 8:15-cv-1049-T-17JSS, 2015 WL 12831311, at *2 (M.D. Fla. Nov. 12, 2015) (finding insurance coverage dispute sufficiently ripe where declaration would settle the parties' legal obligations and "help to facilitate an early resolution of the parties' coverage issues"). Mt. Hawley therefore states a claim for declaratory judgment.

## III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant Tactic Security Enforcement, Inc.'s Motion to Dismiss Second Amended Complaint for Declaratory Relief (Doc. 59) is **DENIED**. Defendant Tactic Security Enforcement, Inc. has **fourteen (14) days** from the date of this Order to answer Plaintiff's Second Amended Complaint.

**DONE AND ORDERED** in Orlando, Florida on May 17, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties